# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. GODWIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT ORENSTINE,<br><br>　　　　　Defendant. | Case No.  1:14-cv-00570-MJS (PC)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE APPOINTMENT OF COUNSEL; and (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF Nos. 1, 3)**<br><br>**AMENDED PLEADING DUE IN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court are Plaintiff's (1) motion for appointment of counsel, and (2) Complaint for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or

1

any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff claims Defendant Robert Orenstine, his court appointed defense counsel in state criminal proceedings, provided ineffective assistance by failing to subpoena a defense witness, failing to object to evidence discovered during an illegal

2

1  search, recommending Plaintiff plead guilty, and recommending Plaintiff waive certain
2  rights.
3       He seeks monetary damages and an order preventing Orenstine from practicing
4  law.
5  **IV.   ANALYSIS**
6       **A.   Action Under Color of State Law**
7       A § 1983 violation must be committed by a person acting under color of state
8  law.
9       When public defenders are acting in their role as advocate, they are not acting
10 under color of state law for § 1983 purposes. See *Georgia v. McCollum*, 505 U.S. 42, 53
11 (1992); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). Even if employed by a
12 public entity and paid with public funds, a public defender performing traditional lawyer's
13 role is not a state actor. This precludes any ineffective assistance of counsel claim.
14 *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc); see also
15 *Kirtley v. Rainey*, 326 F.3d 1088, 1093-94 (9th Cir. 2003) (a state-appointed guardian
16 ad litem does not act under color of state law for purposes of § 1983).
17      Plaintiff's ineffective assistance of counsel claims relate to waiver of rights,
18 subpoenaing witnesses, suppressing evidence, and accepting a plea bargain. Such
19 claims arise from Defendant's role as advocate and are not actionable under § 1983.
20 Plaintiff may not proceed under § 1983 on claimed violations that did not arise under
21 color of state law.
22      This does not preclude Plaintiff from seeking relief in state court for alleged
23 attorney malpractice. Under certain limited circumstances, California law recognizes a
24 cause of action for legal malpractice against a public defender. *Salisbury v. County of*
25 *Orange*, 131 Cal.App.4th 756, 762-63 (Cal. Ct. App. 2005). However, the federal court
26 lacks subject matter jurisdiction over such a state law claim, 28 U.S.C. §§ 1331, 1332;
27 *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, (1994), and would
28 be required to dismiss it. *Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th Cir. 2013), citing

*Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

The ineffective assistance of counsel claim fails.

### B. Claim Challenging Confinement

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-2; *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

The allegations suggest success on Plaintiff's ineffective assistance of counsel claim would impact the fact or duration of his confinement and be *Heck* barred. If so, Plaintiff's remedy is in habeas corpus.

### C. Jurisdiction over Solely State Law Claims

Section 1983 does not provide a cause of action for violations of state law, see *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001), unless the state law violation is also a violation of a federal constitutional right. See *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); see also *Crowley v. Nevada*, 678 F.3d 730, 735-36 (9th Cir. 2012); *Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007). Plaintiff's allegations do not demonstrate a federal claim for the reasons stated.

The Court will not exercise supplemental jurisdiction over a state law claim in the

4

absence of any cognizable federal claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Les Shockley Racing v. National Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989).

### D. Injunctive Relief

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir.1985), quoting *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir.1984); see *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

Plaintiff cannot seek injunctive relief where there is no underlying federal claim. *City of Los Angeles*, 461 U.S. at 101-02 (plaintiff must show a "case or controversy" and "real and immediate" threat of injury). Plaintiff has no cognizable claim against named Defendant for the reasons stated.

Plaintiff does not state a claim for injunctive relief.

### E. Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a

reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating *exceptional* circumstances is on the Plaintiff. See *Palmer*, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel.").

Plaintiff does not demonstrate exceptional circumstances supporting appointment of counsel. 28 U.S.C. § 1915(e)(1); *Rand*, 113 F.3d at 1525. He has yet to state a cognizable federal claim.[1] The facts alleged appear straightforward and unlikely to involve extensive investigation and discovery. Plaintiff has to date demonstrated reasonable writing ability and legal knowledge. Moreover, it is not apparent on the record that before bringing this request, Plaintiff exhausted diligent effort to secure counsel.[2] Plaintiff's lack of funds alone does not demonstrate that efforts to secure counsel necessarily would be futile.

Accordingly, for the foregoing reasons, Plaintiff's request for appointment of counsel should be denied without prejudice.

**V.    CONCLUSIONS AND ORDER**

Plaintiff is not presently entitled to appointment of counsel. His Complaint does not state a claim for relief under § 1983. The Court will grant an opportunity to file an amended complaint consistent with the foregoing. *Lopez v. Smith*, 203 F.3d 1122, 1130

---

[1] Plaintiff's boilerplate motion incorrectly asserts this matter has passed screening. See ECF No. 3 at 3:7-8.

[2] See e.g., *Thornton v. Schwarzenegger*, 2011 WL 90320, *3–4 (S.D. Cal. January 11, 2011) (cases cited).

(9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. *Iqbal*, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to state a claim that is plausible on its face." *Id.* at 1949, quoting *Twombly*, 550 U.S. at 555.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed April 21, 2014,
2. Plaintiff's request for appointment of counsel is DENIED without prejudice,
3. Plaintiff's Complaint is DISMISSED for failure to state a claim upon which relief may be granted,
4. Plaintiff shall file an amended complaint within thirty (30) days from

service of this Order, and

5. If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   April 30, 2014                     /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE